UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 20-101 |
|---|---|---|
| v. | * | SECTION: "J" |
| JOSEPH MEISCH | * | |

\* \* \*

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION AND INCORPORATED MEMORANDUM
FOR THE COURT TO ISSUE SUBPOENA DUCES TECUM**

**NOW INTO COURT**, comes the United States of America, appearing herein through the undersigned Assistant United States Attorney, and files its opposition to defendant Joseph Meisch's Motion and Incorporated Memorandum for the Court to Issue Subpoena Duces Tecum. Rec. Doc. 26[1]. This motion was filed as an ex parte consent motion. However, the government was not contacted prior to filing, and opposes the motion.

Meisch is charged in a bill of information for wire fraud in which it is alleged that, as the business manager for St. Patrick's Church, he engaged in a scheme to defraud by transferring church funds into his personal bank account and utilizing the church credit card for personal purchases. (Rec. Doc. 1). Trial in this matter is scheduled on September 27, 2021.

The Rule 17(c) subpoena attached to the defendant's motion is blank. Rec. Doc. 26-2. It does not state the name of the person being subpoenaed or list the documents to be obtained. It provides the date and time for the documents to be delivered as July 26, 2021 at 9:00 a.m., which is not a scheduled trial or hearing date. Additionally, it does not indicate whether copies of the documents will be shared with the government. The defendant's motion should be denied because

---

[1] Prior to filing the instant Motion to Issue a Subpoena Duces Tecum, on July 12, 2021, counsel for defendant filed a Request for the Issuance of 5 sets of Rule 17(c) subpoenas duces tecum (Rec. Doc. 25) also accompanied by a blank subpoena form. (Rec. Doc. 25-1).

it fails to provide this Court with sufficient information to make a determination, and appears to be an attempt to circumvent the criminal discovery rules set forth in Rule 16, the Jencks Act, and the *Brady* and *Giglio* line of cases.

"The production of documents allowed by Rule 17 is intimately related to the attendance of witnesses at the trial or hearing." *United States v. Poimboeuf,* 331 F.R.D. 478, 479–480 (W.D. La. 2019) (citing *United States v. Santiago-Lugo*, 904 F.Supp. 43, 46 (D. P.R. 1995)).  This type of subpoena is limited to evidentiary materials that will be used in connection with the witness' testimony.  It cannot be used for discovery or investigation purposes.  *United States v. Nixon*, 418 U.S. 683, 700 (1974), *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) ("We have emphasized that Rule 17(c) is not a discovery device.") (internal citation omitted).

Rule 17(c)(1) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. The court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence." FED. R. CRIM. PRO. 17(c).  Even after production in court, Rule 17(c) contemplates further court supervision of the review process, not unilateral access to only the requesting party: "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." *Id*.; *see also United States v. Hart*, 826 F. Supp. 380, 381 (D. Colo. 1993) ("There can be no right to an ex parte procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties to inspect them prior to trial.").

To ensure that a Rule 17(c) subpoena is not used as a means of discovery, "the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not

otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *See United States v. Hankton*, Crim. Action No. 12-1, 2014 WL 688963, at *1 (E.D. La. Feb. 21, 2014) (Feldman, J.) (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)); *see also United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992).

Meisch has not provided this Court with <u>any</u> information regarding his request, and has not established an evidentiary purpose. Accordingly, the government requests that this Court deny the defendant's Motion to Issue Subpoenas *Duces Tecum*.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*s/ Tracey N. Knight*
TRACEY N. KNIGHT
Louisiana Bar Roll Number 23165
Assistant United States Attorney
United States Attorney's Office
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3000
Email: Tracey.Knight@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

*s/ Tracey N. Knight*
TRACEY N. KNIGHT
Assistant United States Attorney